

**IT IS ORDERED as set forth below:**

**Date: October 18, 2023**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| Byung Chik Min, | CASE NO. 21-53636-BEM |
| Debtor. | CHAPTER 7 |
| Cathy L. Scarver, as Trustee for the Estate of Byung Chik Min, | |
| Objector, | |
| v. | Contested Matter |
| Shinhan Bank America, Inc., | |
| Respondent. | |

### O R D E R

This matter came before the Court on August 1, 2023, for hearing on Chapter 7 Trustee's ("Trustee") *Motion to Correct and Objection to Proof of Claim No. 3 of Shinhan Bank America, Inc*. ("Trustee's Objection to Claim"). [Doc. 76]. Shinhan Bank America, Inc. ("Shinhan") filed a *Response to Trustee's Objection to Proof of Claim No. 3* ("Shinhan's

Response"). [Doc. 77]. Anna Mari Humnicky appeared on behalf of the Chapter 7 Trustee and Daniel T. Seelos appeared on behalf of Shinhan. The Court heard oral argument and subsequently requested that the parties brief the issue whether the transfer of Debtor's real property to his daughter is void or voidable.

**I.   FACTS**

The parties agree that the relevant facts are undisputed. [Aud. Tr. 10:33:14; 10:35:47]. Prior to filing for bankruptcy, on May 30, 2019, Debtor sold his residence located at 2412 Jasmine Glen Drive, Buford, GA 30519 (the "Property") to his daughter, Janet Min ("Min") for a purchase price of $280,000.00. [Docs. 76, ¶ 4; 78-1, Ex. A]. Min acquired a loan in the amount of $168,000.00 to purchase the Property and received what Debtor and Min described as "a gift of equity" from Debtor to Min in the amount of approximately $112,000.00[1] (collectively the "Transfer"). [Docs. 1, pg. 16 of 53; 78, ¶ 4; 78-1, Ex. A, pg. 5]. In exchange for payment of $168,000.00, which was applied to various closing costs and to payoff Debtor's mortgage with Fifth Third Bank in the amount of $160,092.47, Debtor transferred 100% of his interest in the Property to Min by warranty deed. [Docs. 78, ¶ 5; 78-1, pg. 1-3; 78-1, Ex. A]. Trustee alleges that the consideration provided by Min did not amount to reasonably equivalent value of the Property and as a result Trustee made demand on Min to turnover the value of the "gifted equity" of $111,577.71 as a voidable transfer. [Id., ¶ 6]. Min and the Trustee entered a settlement agreement (the "Settlement") whereby Min paid the estate $100,000.00 to avoid litigation regarding the alleged fraudulent transfer (the "Settlement Funds"). [Doc. 68].

Also, pre-petition and before the Transfer, on July 24, 2018, Shinhan made a $100,000.00 loan to Debtor's business, New Fresh World, LLC ("New Fresh"), that was

---

[1] The exact amount of the "gift of equity" listed on the closing statement at Doc. 78-1, Ex. A, was $111,577.71.

2

personally guaranteed by Debtor. [Doc. 77, ¶ 2, 4]. A personal financial statement submitted by Debtor in connection with the loan included the Property as an asset. [Doc. 77 ¶ 1]. On September 11, 2020, Shinhan obtained a default judgment against Debtor and New Fresh in the amount of $121,803.16 for the unpaid loan and interest, fees, and costs (the "Judgment"). [Doc. 76, ¶ 6]. On January 4, 2021, Shinhan recorded a Writ of Fieri Facias related to the Judgment in Gwinnett County Superior Court which created a lien on any real property and certain personal property of Debtor located in Gwinnett County that was owned by Debtor as of January 4, 2021 ("Judgment Lien"). [Doc. 76, ¶ 7].

Debtor filed for Chapter 7 bankruptcy on May 10, 2021. [Doc. 1]. On October 1, 2021, Shinhan filed Proof of Claim No. 3 asserting a secured claim of $125,445.14 based on a lien on "all of debtor's property" and related to the "Judgment and Fi. Fa." [Claim No. 3.]. The only funds held by the Trustee are from the Settlement Funds. [Doc. 76, ¶ 11, 12].

## II.     PROCEDURAL POSTURE

On June 28, 2023, Trustee filed her Objection to Claim arguing that the Judgment Lien against Debtor's real property located in Gwinnett County does not constitute a lien against the Property because, when the Judgment Lien arose on January 4, 2021, Debtor did not own the Property. [Doc. 76]. Thus, because Min was the owner, and no judgment was entered against her, Shinhan's lien does not attach to the Settlement Funds. In Shinhan's Response, Shinhan argues that because the transfer of the "gift of equity" is a gift, under Georgia law, it is void as to existing creditors. O.C.G.A. § 44-5-88.  And, because this portion of the Transfer was void, the Property

3

(or at least the value of the equity in the Property[2]) belonged to Debtor when the fi. fa. was recorded, and thus the Settlement Funds are subject to Shinhan's lien. [Doc. 77].

After the hearing on Trustee's Objection to Claim on August 1, 2023, the parties submitted post-hearing briefs addressing the issue whether the Transfer is void or voidable. In the Trustee's *Post Hearing Brief in Support of Trustee's Motion to Correct and Objection to Proof of Claim No. 3 of Shinhan Bank America, Inc.* ("Trustee's Brief") [Doc. 78], Trustee asserts the Transfer is not a gift because a gift is defined as "voluntarily transferring property to another without compensation," which did not occur here as Min paid $168,000 for the Property a portion of which was used to pay Debtor's mortgage. [Doc. 78, pg. 7]. Trustee argues that the compensation for the Property was inadequate and was for less than reasonably equivalent value, the Transfer is not a gift, but a fraudulent transfer under the Uniform Voidable Transfer Act, O.C.G.A. § 18-2-70 et seq. ("UVTA"), which is voidable, and O.C.G.A. § 44-5-88 is inapplicable. [Doc. 78, pg. 7-8]. Next, Trustee asserts that under the UVTA pre-petition judgment liens do not attach to transferred property in the hands of the transferee. Thus, since Shinhan did not obtain a judgment prior to the Petition Date that voided the Transfer, Shinhan's judgment lien did not attach to the Property or to the Settlement Funds. Trustee argues further that the primary case relied on by Shinhan, *In re Johnson*, 593 B.R. 895 (Bankr. N.D. Ga. 2018) (Baisier, J.), is distinguishable, because Shinhan lacks a pre-petition judgment voiding the Transfer and the court in *Johnson* relies on pre-UVTA caselaw, which is not controlling here. In conclusion, Trustee requests that the Court sustain her Objection to Claim No. 3, rule that the Judgment Lien does not attach to the Settlement Funds, and treat Shinhan as a general unsecured creditor.

---

[2] In Shinhan's Response, Shinhan argues that the gift of equity was void and that the Property remained burdened by its lien. Previously, in responding to the Trustee's Objection to Claim, Shinhan addressed the Transfer which it argued was void. In the later response, Shinhan separates the equity from the Property.

4

Conversely, in Shinhan's *Post Hearing Brief in Support of Response to Trustee's Objection to Proof of Claim No. 3* ("Shinhan's Brief") [Doc. 79], Shinhan argues that the Transfer meets all of the requirements of a gift under O.C.G.A § 44-5-88 and is void *ab initio*. Shinhan asserts that the UVTA would not prevail over O.C.G.A § 44-5-88 as the UVTA is a general statute that was not intended to repeal older statutes like § 44-5-88. Nor would the UVTA apply here because the Transfer is not voidable. Shinhan relies on *Johnson* to argue that its Judgment Lien attached to the Property and to any proceeds recovered by the Trustee because the Transfer is a gift and is therefore void under Georgia law. As a result, Shinhan is a secured creditor.

Based on the record in this case and the authorities cited in the parties' briefs, the Court agrees with the Trustee that the Transfer is not a gift, rather it has the hallmarks of a fraudulent transfer under Georgia's UVTA, so at most it is voidable rather than void.

### III.     LEGAL ANALYSIS

The transfer of a deed to real property requires "a good or valuable consideration." O.C.G.A. § 44-5-30. "A good consideration is such as is founded on natural duty and affection or on a strong moral obligation. A valuable consideration *is founded on money or something convertible into money* or having a value in money, except marriage, which is a valuable consideration." *Id.* § 13-3-41 (emphasis added).

In the context of voidable transfer law,

> (a) [A] transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (...)
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> > (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

5

>> (B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

O.C.G.A. § 18-2-74(a). Under the Georgia UVTA, "[v]alue is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied …." O.C.G.A. § 18-2-73(a). The Bankruptcy Code contains a similar provision for avoidance of a transfer made for less than reasonably equivalent value when the debtor was insolvent or was made insolvent by the transfer. 11 U.S.C. § 548(a)(1)(B). Further, under Section 548(d)(2)(A), value is defined to include "property, or satisfaction or securing of a present or antecedent debt of the debtor…." Contrarily, a gift is defined as the "transfer of property made voluntarily and gratuitously… without any compensation." *In re Nguyen-Gassaway*, 408 B.R. 869, 874 (Bankr. S.D. Tex. 2009) (quoting *Hilley v. Hilley*, 161 Tex. 569, 575–76, 342 S.W.2d 565 (1961)); *see also In re Fletcher*, 345 B.R. 592, 595 (Bankr. N.D. Ohio 2006) (same); *Hawes v. Emory Univ.*, 188 Ga. App. 803, 804, 374 S.E.2d 328, 329 (1988); *Carter v. Davenport*, 175 Ga. App. 830, 831, 334 S.E.2d 876, 877 (1985); O.C.G.A. § 44-5-80. In Georgia, "[a]n insolvent person may not make a valid gift to the injury of his existing creditors." O.C.G.A. § 44-5-88(a).

In *Johnson*, the consideration recited in the deed was love and affection; thus, the transfer was for good but not valuable consideration. 593 B.R. at 895. In the judgment issued by the superior court prior to bankruptcy, the court held that the transfer was void *ab initio* under O.C.G.A. § 18-3-70 and 44-5-88 because it was for no consideration. *Id.* at 900. Thus, *Johnson* is distinguishable from this case because, here, consideration was exchanged for the transfer of the Property, and Shinhan's reliance on *Johnson* is misplaced.

Unlike in *Johnson*, the Transfer here consisted of the conveyance of the Property in exchange for $168,000.00, with $160,092.47 of that amount applied to pay off Debtor's

6

mortgage with Fifth Third Bank and the remaining amount applied to closing costs. Min provided value in the Transfer because under O.C.G.A. § 18-2-73(a) and 11 U.S.C. § 548(d)(2)(A) satisfaction of an antecedent debt is considered value. Therefore, it is not a gift. Instead, it appears akin to a fraudulent transfer. Because Debtor transferred the Property to Min for what appears to be less than reasonably equivalent value, that being for $168,000.00 when the sale price was $280,000.00, the Transfer is potentially voidable under the UVTA or the Bankruptcy Code, assuming insolvency could be shown. Although Debtor provided Min with what the settlement statement lists as a "gift of equity" of $111,577.71, this alone does not make the Transfer a gift under O.C.G.A § 44-5-88 because Min also provided value in the transaction in the amount of $168,000.00. Shinhan's argument that the Transfer is a gift fails to account for the transfer of value in exchange for the Property. Since Debtor received valuable consideration in the Transfer, the Transfer is not a gift and is not void as to Shinhan. At most it is voidable.

Shinhan asserts that its Judgment Lien attaches to the Settlement Funds. However, "if a transfer is merely voidable, the judgment does not attach to the property to be recovered because the property was not owned by the judgment debtor at the time the judgment was obtained." *Matter of Hardin* (*Scarver v. Zurich American Insurance Co., et al.*), No. 18-70395-LRC, AP 19-05221-LRC, 2021 WL 4484875, at *7 (Bankr. N.D. Ga. Sept. 30, 2021) (Ritchey Craig, J.); *see, e.g. In re Westpark One, LLC*, AP No. 2:13-ap-00486, 2015 WL 5199368, at *4 (Bankr. D. Ariz. Sept. 4, 2015) (holding that judgment creditor's lien did not attach to property recovered by a bankruptcy trustee because, under Arizona's UFTA, fraudulent transfers are not void ab initio, but merely voidable); O.C.G.A. § 9-12-80, -86(b). Here, the Transfer is not void, but potentially avoidable and effectively has been avoided by the Trustee in the Settlement for the

7

benefit of all creditors of the estate. Consequently, Shinhan's Judgment Lien did not attach to the Property or to the Settlement Funds.

In conclusion, the Court agrees with the Trustee that the Transfer is not a gift; thus, Shinhan's Judgment Lien does not attach to the Settlement Funds. Accordingly, Shinhan's claim is unsecured. For the foregoing reasons, it is

ORDERED that Trustee's Objection to Claim is SUSTAINED.

**END OF ORDER**

**Distribution List**

Byung Chik Min
2412 Jasmine Glen Dr
Buford, GA 30519-4636

Kennon Peebles, Jr
Kennon Peebles, JR.
3296 Summit Ridge Pkwy
Suite 1720
Duluth, GA 30096

Cathy L. Scarver
P. O. Box 672587
Marietta, GA 30006

Anna Mari Humnicky
Small Herrin, LLP
100 Galleria Parkway
Suite 350
Atlanta, GA 30339

Gus H. Small
Small Herrin, LLP
100 Galleria Parkway
Suite 350
Atlanta, GA 30339

Daniel T. Seelos
Kitchens Kelly Gaynes, P.C.
5555 Glenridge Connector, Suite 800
Atlanta, GA 30342